IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BACKYARD POWER, INC. | : | |
| | : | |
| v. | : | CIVIL NO. CCB-05-2733 |
| | : | |
| LAWN EQUIPMENT PARTS CO. | : | |

...o0o...

## MEMORANDUM

On December 23, 2005, the Clerk entered default against defendant Lawn Equipment Parts Co. ("LEPCO") for failure to plead or otherwise defend by December 20, 2005.  LEPCO filed an answer on December 29, 2005; the plaintiff Backyard Power, Inc. ("BPI") responded with a motion for entry of default judgment; and LEPCO replied with a motion to vacate the order of default.  All issues have been fully briefed and a short conference call was held on March 3, 2006.

BPI alleges various claims arising out of LEPCO's termination of its sales agreement with BPI under which LEPCO granted BPI certain rights to sell commercial and residential grade turf maintenance equipment.  The claims include violations of the Maryland Commercial Code, the Sherman Act, tortious interference with economic relations and prospective economic relations, the Maryland Uniform Trade Secrets Act, and the Maryland Antitrust Act.  BPI seeks a "minimum" of $2,000,000 compensatory damages and treble damages.

The Fourth Circuit recently has reviewed the standard under which a trial court exercises its discretion in setting aside an entry of default under Fed. R. Civ. P. 55(c).  Factors to be considered are "whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic."

*Payne v. Brake*, ___ F.3d ___ (4th Cir. 2006); *see also Wainwright's Vacations, LLC v. Pan American Airways Corp.*, 130 F.Supp.2d 712, 718 (D. Md. 2001).  In this case, the factors weigh in favor of LEPCO.  Counsel acted with reasonable promptness to cure the problem; indeed the answer was filed only nine days late, before counsel realized the default had been entered.  The delay resulted from a mistaken belief about the date of service through no apparent fault of LEPCO itself.  There is no history of dilatory action, and no showing of prejudice to BPI given the very early stage of the case.  While the letter from LEPCO's counsel merely proffers rather than demonstrates a meritorious defense, the other factors weigh strongly in favor of LEPCO, particularly considering the substantial and complex nature of the claims and the court's preference for deciding such claims on the merits.  Finally, less drastic sanctions, if needed, could have been requested but were not.

      Accordingly, the motion to vacate order of default will be granted and the motion for entry of default judgment will be denied.  A separate Order follows.

|  |  |
|---|---|
|   April 5, 2006   |   /s/   |
| Date | Catherine C. Blake |
|  | United States District Judge |